Justice Indeglia, with whom Justice Flaherty joins, dissenting. With all due respect to the members of the committee on Character and Fitness (the committee), as well as our colleagues on the Court, we cannot accept the recommendation that A.S. (the applicant) be denied admission to the Rhode Island bar at this time. Rather, we agree with the two committee members who instead suggested that the applicant be conditionally admitted pursuant to Article II, Rule 3 of the Supreme Court Rules of Admission of Attorneys and Others to Practice Law. As one of those members wrote to this Court, “[the applicant] would benefit from conditional admission under the supervision of an experienced attorney * * * other than his father or another member of his firm.” Conditional admission would give the applicant the opportunity to address and adjust the aspects of his character that were of concern to the committee and, should the committee have reason to believe that he breached any of the conditions, it would have the authority to petition this Court “for an order to show cause why the conditional license should not be immediately terminated.” Rule 3(o)(l). For this reason, we respectfully dissent.